## Messamore v. Webb.

(Decided June 24, 1927.)

### Appeal from Knox Circuit Court.

Courts.—Where city of the third class situated partly in one county and partly in another had made suitable provision for holding court, as authorized by Ky. St. Supp. 1926, section 963f-1, in case of such city's being more than 10 miles from county seat, an action, the venue of which was exclusively in other county,

need not be tried in county where city had made provision for holding court.

STEPHENS & STEELY and H. H. OWENS for appellant.

T. H. WEBB for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

By chapter 37 of the Acts of 1926, now section 963f-1 of the Statutes, it is inter alia provided:

"That in any county of this commonwealth having therein or that may hereafter have therein, a city of the third class, or a *portion of a city of the third class,* not a county seat, and being more than ten miles from the county seat, the distance to be measured from the courthouse at said county seat to the city limits of said third class city or *portion of said third class city,* . . . the circuit court of such counties shall be held alternately so as to divide the time between the county seat, and the said third class city, or *portion of said third class city,* . . . It shall be the duty of the judge of the circuit court of the judicial district, in which said third class city, or portion of said third class city is situated, . . . to conduct the said court in said third class city, or *portions* of said third class city, in the same manner provided by law for holding (court) in the county seats of the county in which the third class city, or portions of the third class city is located. . . . Any third class city, or *portion of a third class city,* coming within the provisions of this act shall be entitled to its benefits, whenever suitable provisions are made by said city, or *portion of said city,* for furnishing a court room, . . . and whenever it is made to appear to the circuit judge that said city, or *portion of said third class city,* has made the necessary provisions . . . it shall then be the duty of said judge, upon application of said third class city, or *portion of said third class city,* . . . to enter an order directing the latter portion (of the terms of court) . . . to be held in said third class city, or *portion of said third class city.*" (Italics ours.)

The city of Corbin, a city of the third class, is located partly in Whitley county and partly in Knox

county. (The greater portion of it, including most of the business houses, is in Whitley county. That part lying in Knox county is mostly residential in character. Both the Whitley county and the Knox county portions are more than 10 miles from the county seats of those respective counties. The city of Corbin has, at considerable expense to it, made suitable provision for holding court in its Whitley county portion, but none in its Knox county portion. The question presented by this case is whether an action, the venue of which under the Code of Civil Practice is exclusively in Knox county, and which under the act of the Legislature above set out should be tried in the Knox county portion of Corbin, had that city made suitable provisions for holding court there, must be tried in the courthouse provided by the city of Corbin in the Whitley county portion or not. The lower court held that it must and this appeal results. We are of opinion that the lower court erred in its ruling. A reading of the act reveals that the Legislature meant the city to be the unit only when it was located entirely in one county, but that, where it was located in different counties, the Legislature intended that the portion of such city located in the county in question should be the unit. Where the city is located entirely in one county, the act provides that the terms of court shall be divided between the county seat and the city; but, where only a portion of the city is located in a county, the terms of court are to be divided between the county seat and the portion of such city as is located in that county. If it were otherwise, the Legislature would never have referred to the "portion of said city" as it has done throughout the act. Further, this is clearly seen when we read that part of the act defining the duties of the circuit judge. He is directed to divide the terms of court between the county seats and the *portions* of such cities. The plural "*portions*" used twice in the act indicates that the Legislature contemplated that court would be held in more than one portion of the city. The act further provides that it shall be applicable to any city of the third class or any portion of such a city when such city or portion of such city has made suitable provisions for holding court therein. This can only mean that the city as a whole is entitled to the benefit of the act when it is wholly located in one county; but, where it is located in more than one county as is Corbin, then the unit is the portion of the city lying in the county wherein it is pro-

posed to divide the terms of court. We are unable to spell out of this act any intention of the Legislature to change the venue of actions as prescribed by the civil and criminal Codes; on the contrary, the act seems to us to preserve such venue by specifying each time it mentions "city of the third class" also the "portion of said city" lying in the county in question. Experience has demonstrated the wisdom of our laws with reference to venue of actions. They have been on our books for a very long time. Unless it be very clearly made to appear that the Legislature intended to alter or modify them, we ought not to lightly disturb them. The act before us certainly does not clearly or at all show such an intention on the part of the Legislature. We are, therefore, of the opinion that the venue of actions remains unchanged by the act before us for consideration.

This is a case of first impression, so far as diligent search of counsel and this court has been able to determine, and, although the result we have reached may, in some measure, prove a hardship to the city of Corbin, yet we are bound by the principle ita lex scripta est.

The judgment of the lower court is therefore reversed, with instructions to proceed in conformity with this opinion.

Whole court sitting.